UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**RIVERA MOLINA; INT'L BUSINESS SOLUTIONS, LLC; EBANO 155, INC.,**

**Plaintiffs,**

v.

**CASA LA ROCA, LLC; CHARLES HENRY EUGENE VOGEL; JUANITA KAY VOGEL**

**Defendants.**

Civil No. 21-1004 (GAG)

## MEMORANDUM ORDER

After carefully reviewing the pending motions, the Court **GRANTS** the request for Possessory Injunction and **DENIES** the request to Schedule a Possessory Injunction Hearing filed by William Rivera Molina ("Rivera Molina"), International Business Solutions, LLC, and Ebano 155, Inc., (collectively, "Plaintiffs").[1] (Docket Nos. 9; 13). Moreover, the Court **DENIES** the Motion for Provisional Remedy Prohibiting Alienation of Property (Docket Nos. 15; 22; 30) and the Motion to Consolidate Hearings Regarding Possessory Injunction, Pendent Eviction Claims, and Prohibition of Alienation of Funds (Docket Nos. 16; 21; 29) filed by Casa La Roca, LLC, Charles Henry Eugene Vogel ("Vogel"), and Juanita Kay Vogel (collectively, "Defendants").

Pursuant to the Puerto Rico Code of Civil Procedure, P.R. LAWS ANN. tit. 32, §§ 3561-3566, Plaintiffs have the *procedural* right to a hearing when requesting a possessory injunction before a federal court in lieu of a *substantive* right. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) ("federal courts sitting in diversity apply state substantive law and

---

[1] The Emergency Motion for Hearing Second Urgent Renewed Request of Plaintiffs for the Scheduling of a Possessory Injunction Hearing (Docket No. 31) and the Third Motion Urgent Renewed Request of Plaintiffs for the Scheduling of a Possessory Injunction Hearing Emergency Hearing (Docket No. 31) are hence **MOOT.**

**Civil No. 21-1004 (GAG)**

federal procedural law"); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The expedited and summary nature of a possessory injunction hearing is comparable to the summary procedure of Puerto Rico Law 2 of October 17, 1996, as amended, P.R. LAWS ANN. tit. 31, §§ 3118 *et seq*. When analyzing this labor statute, the First Circuit held that: "[i]t is clear that this is a local procedural rule, which does not and cannot govern proceedings in federal court." Hoyos v. Telecorp Commc'n., Inc., 488 F.3d 1, 5 (1st Cir. 2007). Accordingly, this Court holds that it is not bound by the procedural rules of the Code of Civil Procedure regarding a possessory injunction.

When applying federal procedural law in the context of a preliminary injunction, evidentiary hearings are not required but rather desirable. Rosario-Urdaz v. Rivera-Hernández, 350 F.3d 219, 223 (1st Cir. 2003); see also Commc'n Workers of Am. v. Tel. Tech. Sys., Inc., 221 F. Supp. 3d 203, 208 (D.P.R. 2016). If the trial court has before it competing submissions of evidentiary quality or if the answer to the likelihood-of-success inquiry is readily apparent, then respect ordinarily will be afforded to the court's decision not to convene an evidentiary hearing. Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988). In the present case, given the nature of a possessory injunction request that mandates the complaint be sworn, the Court holds that the parties have filed sufficient evidentiary submissions to decide whether this extraordinary remedy proceeds.

Plaintiffs' legal basis[2] for their possessory injunction request is Article 375 of the Civil Code of Puerto Rico, which states that "[e]very possessor has a right to be respected in his possession;

---

[2] The Court notes that Plaintiffs did not provide a certified translation of Act 55 of June 1, 2020 (new "Civil Code of Puerto Rico") and the corresponding articles that contains the right to be protected of possession. This omission constitutes a violation of 48 U.S.C. § 864 and Local Rule 5(c). The new Civil Code of Puerto Rico became effective on November 28, 2020, and may govern Plaintiffs' allegations relating to the disturbance of his possession in late December 2020. (Docket No. 9). See Laboy-Salicrup v. P.R. Elec. Power Auth., 244 F. Supp. 3d 266, 271 (D.P.R. 2017); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008); González-De-Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004). Notwithstanding, given that the contract between the parties was signed under the former Civil Code of Puerto Rico (1930), as amended, the Court will consider the request for possessory injunction pursuant to the same. The parties are forewarned that certified translations of dispositive Commonwealth statutes and Puerto Rico Supreme Court cases must be submitted moving forward.

**Civil No. 21-1004 (GAG)**

and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure." P.R. LAWS ANN. tit. 31, § 1461. In the same vein, Article 690 of the Code of Civil Procedure explains that to retain or recover "material possession of real property" the requesting party shall "show[] to the satisfaction of the court that he has been disturbed in his possession or tenancy of said property *by acts showing intention of disturbing or depriving him of such possession*, or when he has already been deprived of said possession or tenancy." P.R. LAWS ANN. tit. 32, § 3561 (emphasis added). Article 691 of the Code of Civil Procedure expands this statutory right by explaining the substantive requirements for filing a possessory injunction complaint. These include that "within the year preceding the filing of the complaint, [the interested party was] in the actual possession of the property described in said complaint if it is sought to recover it, and was [or] is in possession thereof[,] if it is sought to retain it." Id. § 3562. It further states that the interested party shall "describe clearly the facts constituting the disturbance or deprivation and whether said acts were committed by the defendant or by some other person by order of the said defendant." Id.

Pursuant to the *Termination of Verbal Partnership Agreement La Roca Operation and Maintenance Rental Program Agreement* (the "Contract") signed by the parties, the Court finds that Plaintiffs have had shared fact-material possession of La Roca I, La Roca II, and La Roca III properties with Defendants—owners of these properties—since at least March 25, 2019, until December 31, 2020. (Docket No. 1-5 at 2-3). See generally Disdier Pacheco v. García, 1 P.R. Offic. Trans. 748, 101 P.R. Dec. 541 (P.R. 1973) (explaining the concepts of possession and possessory injunction). The business nature of their legal relationship, especially the arrangement to rent and maintain these properties as well as the exclusive option giving Plaintiffs the right to buy and sell them under the Contract, is sufficient to establish either natural or civil possession under Article

**Civil No. 21-1004 (GAG)**

360 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 1421. (Docket No 1-5 at 4-5). See In re See Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig., 2015 WL 898886, at *4 (S.D.N.Y. 2015) (explaining that under Commonwealth law, "a corporeal thing can be exclusively possessed by two distinct and separate possessors"). The parties have mutually benefited from and have enjoyed the use of these properties. See P.R. Laws Ann. tit. 31, § 1423. ("The possession of property and rights may be considered in one of two different aspects: either in that of the owner, or in that of the holder of the thing or right to keep and enjoy them, the ownership belonging to another person."). Plaintiffs have also in-fact possessed these properties within a year before filing the present complaint. (Docket No. 1-5). Thus, the first requirement is met under this analysis of Commonwealth law, which "protect[s] the possessor of a real property, *even* against the owner himself." Disdier Pacheco, 1 P.R. Offic. Trans. at 752 (emphasis added).

Moreover, under the versions of facts contained in the sworn Amended Complaint, the Counterclaim, and their respective answers (Docket Nos. 9, 13, 14, 32), defendant Vogel's actions in late December 2020 constituted a disturbance of the use and enjoyment of plaintiff Rivera Molina's fact-material possession of the rental properties. Disdier Pacheco, P.R. Offic. Trans. at 752 (emphasizing that purpose of possessory injunction is to discourage citizens from resorting to force and threats of dispossession).

The Court, accordingly, makes the following factual findings: (1) in late December 2020 (either December 29, 30, and/or 31, 2020), defendant Vogel and his companions had an altercation with the security guard working at La Roca I and II, whom plaintiff Rivera Molina had delegated his immediate factual possession (Docket Nos. 9 at 9-11; 14 at 8-9); (2) after the altercation, Puerto Rico police officers intervened and defendant Vogel obtained access and occupied La Roca I and II, which effectively dispossessed Plaintiffs of said properties, Id.; (3) likewise, defendant Vogel

**Civil No. 21-1004 (GAG)**

and his companions disturbed the tenants leasing La Roca III, whom plaintiff Rivera Molina also had delegated his immediate factual possession (Docket Nos. 9 at 11-14; 14 at 9-11); and, (4) unlike La Roca I and II, defendant Vogel and his companions were unsuccessful in their attempt to occupy La Roca III until January 3, 2021, when the tenants left the property. Id.

Defendant Vogel disputes several factual details about the events in late December 2020.[3] However, the core nucleus of facts are uncontested and show to the Court's satisfaction that Plaintiffs' possession and/or tenancy was disturbed *on or before* December 31, 2020, when the Contract was set to expire. (Docket No. 1-5 at 2). P.R. LAWS ANN. tit. 32, § 3561. See also TEC Engr. Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 545 (1st Cir. 1996) ("[T]he district court's findings need not be overly detailed, and they do not bind the court in subsequent proceedings."). As a whole, Plaintiffs have met the burden set forth in the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 1461, and the substantive legal requirements contained in the Code of Civil Procedure, P.R. LAWS ANN. tit. 32, §§ 3561-3566, to warrant the issuance of a possessory injunction in their favor. Notably, this ruling extends only to the *fact* of possession, not the *right* of possession. Disdier Pacheco, 1 P.R. Offic. Trans. at 756.

By the same token already discussed, the Contract expired on December 31, 2020. Thus, after said date, Plaintiffs are deemed to be "possessors in bad faith" pursuant to Article 363 of the Puerto Rico Civil Code unless the Court rules otherwise. See P.R. LAWS ANN. tit. 31, §§ 1424 ("A bona fide possessor is deemed to be the person who is not aware that there exists in his title or in the manner of acquiring it, *any flaw invalidating the same*. A possessor in bad faith is deemed to be any person possessing in *any case contrary to the above.*") (emphasis added). Accordingly,

---

[3] Similarly, applying "Section 4 and Exhibit A" of the Contract to the possessory injunction analysis, as advanced by Defendants, would require interpreting a possibly ambiguous clause. The Court shall not engage in this legal analysis at this stage of the proceedings. If necessary, any allegation under said clause may be raised and considered alongside the parties' breach of contract claims.

**Civil No. 21-1004 (GAG)**

Plaintiffs may be subjected to the legal consequences this classification entails. See P.R. Laws Ann. tit. 31, § 1424 (explaining effects of fruits and expenses in case of possessor in bad faith); see also U.S. v. Marin, 651 F.2d 24, 31 (1st Cir. 1981). Good faith is always presumed. See P.R. Laws Ann. tit. 31, § 1425. In the case at bar, the Contract that created the parties' possessory rights and set an expiration date as to their contractual obligations is sufficient to rebut said presumption.

At this time, the Court will not entertain the parties' breach of contract arguments. For this reason, the provisional remedy prohibiting alienation of property sought by Defendants is neither necessary nor convenient. See HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 914 (1st Cir. 1988) (explaining how Puerto Rico Supreme Court construes Rule 56 of the Rules of Civil Procedure). The same logic applies to the denial of Defendants' motion seeking a hearing to entertain this provisional remedy and their eviction claim. (Docket Nos. 15; 16; 21; 22; 29; 30).

Accordingly, Plaintiffs are hereby considered factual "possessors in bad faith" of the La Roca I, II, and III. This case is hereby referred to Magistrate Judge Giselle Lopez-Soler for an Initial Settlement and Scheduling Conference. The referral at Docket No. 18 is vacated.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge