**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **William Rivera Molina; International Business Solutions; Ebano 155, Inc.,** <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br><br> **Casa La Roca, LLC; Charles Henry Eugene Vogel; Juanita Kay Vogel,** <br><br> **Defendants.** | Civil No. 21-1004 (GAG-GLS) |
| **Casa La Roca, LLC; Charles Henry Eugene Vogel; Juanita Kay Vogel** <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br><br> **William Rivera Molina, personally and in representation of Poppy 47, Inc., International Business Solutions, LLC; Ebano 155, Inc., DC Project Management Corp.** <br><br> **Defendants.** | Civil No. 21-1144 (GAG-GLS) |

**OPINION AND ORDER**

On April 3, 2021, Defendants and consolidated Plaintiffs, filed a motion titled Urgent Motion for Order to Seize Proceeds of All Rentals from Possessor in Bad Faith at Docket No. 39 (herein, "Motion to Seize Proceeds"). Defendants allege that subsequent to the Court's ruling granting Plaintiffs an injunction in order to be reinstated in the possession of the properties called La Roca I, La Roca II and La Roca III and the Court's finding that Plaintiffs were possessors in

<u>Rivera Molina v. Casa La Roca, LLC</u>
Civil No. 21-1004/Civil No. 21-1144 (GAG-GLS)

bad faith of the properties since December 31, 2020, when the contract between the parties was set to expire (Docket No. 39), Plaintiffs took possession of the properties on April 1, 2021. Defendants sustain that, since Plaintiffs have bad faith possession of the properties since April 1, 2021, the Court should issue a provisional remedy (pending final adjudication of the case, which includes breach of contract claims from both sides and an eviction complaint against Plaintiffs) directing Plaintiffs to disclose the monthly rental schedules for all of the properties and to deposit any proceeds from the short-term rental of the properties since April 1, 2021 in a bank account to be designated by Defendants. Docket No. 39. <u>See also</u> Supplemental Motions at Docket Nos. 56 and 58. The District Judge referred the matter to the undersigned for disposition. Docket Nos. 47 and 60. For the reasons discussed below, the Motion to Seize Proceeds is **GRANTED but the rental proceeds are to be deposited in an account to be opened with the Clerk of the Court.**

## I.   BACKGROUND

On April 3, 2019, Casa La Roca LLC, Charles Henry Eugene Vogel and Juanita Kay Vogel (collectively, "Vogel" or "Vogel Family") and William Rivera-Molina, International Business Solutions, LLC, Ebano 155, Inc. and DC Project Management Corp. ("DC Project") (Rivera-Molina, International Business Solutions, LLC and Ebano 155, Inc. are collectively referred to herein as "Plaintiffs") executed a Termination of Verbal Partnership Agreement La Roca Operation and Maintenance Rental Agreement" ("Termination Agreement"). Docket No. 1, Exhibit 5. In the Termination Agreement, the parties agreed to terminate their prior partnership and for Plaintiffs and DC Project to continue providing services to the Vogel Family— owner of the properties La Roca I, La Roca II, and La Roca III in Fajardo— including, services of management and operation for short-term rental programs, cloud computing, advertising and promotion, operation and maintenance of the properties, staffing and hospitality services, until December 31, 2020. <u>Id</u>. at ¶ 1. The Termination Agreement further provided for mutual releases of certain claims the parties had against each other. <u>Id</u>. at ¶ 2. And, although it had an expiration date of December 31, 2020, the Termination Agreement included a *force majeure* clause which provided that, under certain circumstances, the Termination Agreement could be extended for a term no greater than ninety (90) days— no later than March 31, 2021. <u>Id</u>. at ¶ 9(l).

Rivera Molina v. Casa La Roca, LLC
Civil No. 21-1004/Civil No. 21-1144 (GAG-GLS)

On January 14, 2021, Plaintiffs filed a sworn Amended Complaint[1] requesting that the Court issue a possessory injunction against Vogel for the alleged disturbance of their peaceful possession of the properties. Docket No. 9. Plaintiffs alleged that, in late December 2020, Vogel forced Plaintiffs and their tenants out of the properties even though the Termination Agreement had not expired. Plaintiffs also argued that, as result of the COVID-19 pandemic, the Termination Agreement had to be extended up to ninety (90) days—until March 31, 2021— pursuant to the *force majeure* clause in Section 9 (l) of the Termination Agreement. Docket No. 9.

Vogel filed an answer to the Amended Complaint alleging, in essence, that they had informed Plaintiffs on numerous occasions of their intention to occupy the properties by the end of December 2020. Docket No. 14. Vogel filed a Verified Counterclaim and requested, among other remedies, the payment or reimbursement of all the repairs and costs purportedly incurred by Vogel in connection with the properties, which Vogel alleges were to be paid by Plaintiffs under the Termination Agreement. Docket No. 14.

On March 29, 2021, the Court entered a Memorandum Order addressing multiple motions filed by the parties ("March 29 Order"). Docket No. 35. As to Plaintiffs' request for a possessory injunction, the Court held that Plaintiffs had demonstrated, through the documentary evidence on the record, that their possession or tenancy of the properties was disturbed by Vogel on or before December 31, 2020, when the Termination Agreement was set to expire. And the Court concluded that Plaintiffs were the factual possessors of the properties until December 31, 2020, when the Termination Agreement expired. After this date, the Court deemed that Plaintiffs would be considered possessors in bad faith pursuant to Article 363 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §1423[2] and would therefore be subject to the legal consequences of possessing the

---

[1]   The instant case was removed from the Puerto Rico Superior Court pursuant to a Notice of Removal filed by Vogel on January 5, 2021. Docket No. 1.

[2]   Article 363 of the previous Puerto Rico Civil Code defined a *bona fide* possessor as the person who is not aware that there is a flaw invalidating his title over the property or in the way possession of the property was acquired. In turn, a possessor in bad faith is any person possessing a property in the opposite situation—with knowledge that there is a flaw in his purported title or in the way possession was acquired. See also Article 710 of the Puerto Rico Civil Code of 2020, Law No. 55 of June 1, 2020.

properties in bad faith. <u>See</u> 31 P.R. Laws Ann. §1424 (Article 707 of the Puerto Rico Civil Code of 2020). Neither party requested timely reconsideration of this Order.[3]

On March 31, 2021, Vogel filed an Eviction Complaint against Plaintiffs and other parties (herein "consolidated Defendants")[4] (Civil No. 21-1144, Docket No. 1, "Eviction Complaint"), which was consolidated with the instant action.[5] In the Eviction Complaint, Vogel claims that consolidated Defendants do not have a claim of ownership over the properties and that the properties' sole and exclusive title rests with Vogel; that the Court has deemed Plaintiffs bad faith possessors; and that consolidated Defendants' possession of the properties interferes with Vogel's lawful use of the same. Civil No. 21-1144; Docket No. 1 at page 4. Vogel further alleges that they are not receiving any payments for rent or other form of consideration from consolidated Defendants in compensation for the possession and use of the properties. Docket No. 1 at page 5. Pursuant to Plaintiffs' motion at Docket No. 62, counsel for consolidated Defendants is to receive service of summons of the Eviction Complaint.

On April 1, 2021, Vogel filed the Motion to Seize Proceeds. Docket No. 39. Vogel requests that the Court enter an order directing Plaintiffs to deposit all the proceeds generated from the use or rental of the properties since their occupation on April 1, 2021. Vogel's request is made pursuant to Article 730 of the Puerto Rico Civil Code of 2020, Law No. 55 of June 1, 2020, which provides that a possessor in bad faith must pay the value of the fruits collected and those which the legitimate possessor would have been able to collect. <u>See previously</u> Article 384, 31 P.R. Laws Ann. § 1470. Vogel requests that, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Rule 56 of the Puerto Rico Rules of Civil Procedure, the Court should enter an order directing Plaintiffs to disclose the rental schedules for the properties, all the accounting documents which document the rental proceeds, and to deposit any and all rental proceeds since April 1, 2021 in an account to be designated by Vogel. Plaintiffs filed an opposition to Vogel's motion expressing their disagreement with the Court's determination that they are possessors in bad faith and claiming that

---

[3]    The Memorandum Order at Docket No. 35 was issued by the Court on March 29, 2021. Neither party moved for reconsideration under Rule 59 of the Federal Rules of Civil Procedure and the time for doing so has elapsed.

[4]    The Eviction Complaint was filed against Plaintiffs in the Amended Complaint and against two additional entities, Poppy 47, Inc. and DC Project, which were parties to the original complaint filed in state court but not to the Amended Complaint at Docket No. 9.

[5]    Civil No. 21-1144, Docket No. 6.

such a determination should not have been made without an evidentiary hearing. Docket No. 43. Notably, Plaintiffs did not move for reconsideration of the Court's March 29 Order nor do they express disagreement with the portion of the March 29 Order that granted, without a hearing, their request for a possessory injunction. Vogel replied alleging that Rivera failed to submit any concrete arguments in opposition to Vogel's request for a remedy under Rule 64. Docket No. 49. And, even though Plaintiffs sought leave to sur-reply at Docket No. 50, which was granted at Docket No. 51, Plaintiffs failed to timely submit their sur-reply and their belated sur-reply at Docket No. 61 will not be considered by the Court.[6]

## II.   DISCUSSION

### A.   Standard for Obtaining Prejudgment Seizure of Property

Rule 64 of the Federal Rules of Civil Procedure provides that in order to secure satisfaction of a potential judgment in federal court, the Court may, at the commencement or during the pendency of a federal action, grant a party every remedy available under state law. See Fed. R. Civ. P. 64(a). By its terms, Rule 64(a) of the Federal Rules of Civil Procedure allows a federal court to borrow provisional remedies created by state law for the purpose of securing satisfaction of the judgment ultimately to be entered in a federal action. See HMG Property Investors, Inc. v. Parque Industrial Río Cañas, 847 F.2d 908, 913 (1st Cir. 1988).

As such, we look to the law of Puerto Rico for the legal framework applicable to any petition for a provisional remedy under Rule 64. See HMG Property Investors, Inc., 847 F.2d at 913. Rule 56 of the Puerto Rico Rules of Civil Procedure empowers a court to issue any provisional order that may be necessary to guarantee the effectiveness of a future judgment. 32 P.R. Laws Ann. Ap. V, Rule 56.1. The guiding principal of Rule 56 is that the provisional remedy be issued after considering the interests of all parties and that substantial justice be made. Id. The Supreme Court of Puerto Rico has expansively construed Rule 56:

> Rule 56 of the Rules of Civil Procedure confers upon the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of the judgments. **Its only limitation is that the measure be reasonable and adequate to the essential purpose of the same, which is to guarantee the effectiveness of the judgment which in due time may be rendered**.

---

[6] Pursuant to this District Court's Local Rule 7, the seven (7) day term for Plaintiffs to file their sur-reply expired on April 23, 2021. Plaintiffs filed their sur-reply on April 30, 2021. Docket No. 61.

HMG Property Investors, Inc., 847 F.2d at 914, citing F.D. Rich Co. v. Superior Court, 99 D.R.R. 155, 173 (1970) (emphasis added).

As a rule, when a provisional remedy is sought, prior notice and a hearing, as well as the posting of a bond, are required. See id. at R. 56.2; Citibank v. Allied Management Group, 466 F. Supp. 2d 403, 405-406 (D.P.R. 1996), citing Rivera Rodríguez v. Stowell, 133 D.P.R. 881, 896 (1993). However, pursuant to Rule 56.4 of the Puerto Rico Rules of Civil Procedure, a provisional remedy may be granted *ex parte* and without prior hearing when the movant has demonstrated: "(1) a prior property interest on the asset to be attached; (2) the existence of extraordinary circumstances; or (3) a probability of prevailing on the merits through the use of authentic documentary evidence which shows that there is a debt liquid, due, and payable." Citibank, 466 F. Supp. 2d at 405-406, citing Rivera Rodríguez, 133 D.P.R. at 899–900; 32 P.R. Laws Ann. Ap. V, Rule 56.4. As to what constitutes a prior proprietary interest, the Puerto Rico Supreme Court in Rivera Rodríguez stated that it includes an interest that may be evidenced by a mortgage, sale, lease, and ownership of a property, among others. Id. at 901 n. 17.

As to the requirement that bond be posted, Rule 56.3 of the Puerto Rico Rules of Civil Procedure states that a provisional remedy, such as the alienation of personal property, may be granted without bond "if it appears from public or private documents […] signed before a person authorized to administer oaths, that the obligation may be legally enforced". 32 P.R. Laws Ann. Ap. V, Rule 56.3 (1).

### B. Vogel's Request for the Entry of an Order to Seize Rent Proceeds

Vogel's request for a provisional remedy in this case is anchored on the Court's March 29 Order deeming Plaintiffs bad faith possessors of the properties starting on December 31, 2020. However, their request is that proceeds from April 1, 2021 onward, when Plaintiffs were reinstated in their possession of the properties, be seized and deposited in a bank account and that Plaintiffs provide an accounting of said proceeds as well as rental schedules for the properties. Per the Termination Agreement at Docket No. 1, Exhibit 5, the First Sworn Amended Complaint and William Rivera Molina's Sworn Statement in Support of the First Sworn Amended Complaint at Docket No. 9, and the Verified Counterclaim and Charles E. Vogel's Unsworn Statement Under Penalty of Perjury at Docket No. 14, there is no dispute that at this time Vogel is the rightful owner of La Roca I, La Roca II and La Roca III. Since the record contains authentic documentary evidence to establish Vogel's proprietary interests in La Roca I, La Roca II and La Roca III, and

such a proprietary interest is not in dispute, the provisional remedy requested by Vogel may be entertained without the need of a prior hearing or bond.

There is also no dispute that the Termination Agreement, which allowed Plaintiffs to obtain possession of the properties, expired on December 30, 2021. And that, even assuming *arguendo* that the Termination Agreement was extended for 90 days due to the operation of the *force majeure* clause, it expired no later than March 31, 2021. Further, the Court already deemed Plaintiffs to be bad faith possessors of the properties in its March 29 Order. There is thus no question that any possession by Plaintiffs of the properties after March 31, 2021 is in bad faith, pursuant to the Puerto Rico Civil Code's definition of a possession in bad faith.

Under Article 363 of the previous Puerto Rico Civil Code, 31 P.R. Laws Ann. §1423, a possessor in bad faith is any person possessing a property with knowledge that there is a flaw in his purported title or in the manner in which possession was acquired. See also Article 710 of the Puerto Rico Civil Code of 2020, Law No. 55 of June 1, 2020. Given that Plaintiffs have knowledge that the Termination Agreement expired, **at the latest**, on March 31, 2021, there can be little doubt that Plaintiffs are in fact bad faith possessors since at least April 1, 2021. See Capó v. Hartman, 57 D.P.R. 196, 203 (1940); Lluebras v. Mario Mercado e Hijos, 75 D.P.R. 7, 18-19 (1953) (after expiration of lease agreement, tenant continued to possess the property in bad faith).

The remedy under Article 384 of the previous Puerto Rico Civil Code, 31 P.R. Laws Ann. §1424, and Article 707 of the Puerto Rico Civil Code of 2020, is clear: bad faith possessors are liable to legitimate owners for proceeds generated from the possession and for any proceeds that could have been generated by the rightful owner of the property. See Capó v. Hartman, 57 D.P.R. at 204-206. Plaintiffs can hardly argue that they are "unaware of any flaw invalidating [their] title or the manner of acquiring [possession of the properties]" after April 1, 2021 and will thus be obliged to reimburse Vogel for the proceeds generated from rentals during their bad faith possession since April 1, 2021, as well as those that could have been generated by Vogel during that same time. Plaintiffs' claim that they should have had possession of the properties between January and March 2021 due to the operation of the *force majeure* clause of the Termination Agreement is irrelevant to the inquiry before the Court now. While this argument may be relevant to the merits of any breach of contract claim Plaintiffs may have against Vogel, it has no bearing on whether Vogel is likely to succeed on the merits of their claims for the proceeds generated by Plaintiffs (payment of the fruits of the bad faith possession) after April 1, 2021.

Rivera Molina v. Casa La Roca, LLC
Civil No. 21-1004/Civil No. 21-1144 (GAG-GLS)

As held by the First Circuit Court of Appeals, flexibility is the hallmark of Rule 56, empowering courts, even on an *ex parte* application, to issue the provisional remedies deemed necessary to secure satisfaction of an anticipated judgment. Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 71 (1st Cir 2002); HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d at 914. The entry of an order for Plaintiffs to deposit the proceeds of the rentals from April 1, 2021 onward falls within the ambit of Rule 56 and is both reasonable and adequate for the purpose of securing the judgment which Vogel seeks in the Eviction Complaint.

## III.   CONCLUSION

Vogel's Motion to Seize Proceeds is **GRANTED**. Plaintiffs are to submit a detailed inventory of the proceeds of the rentals of the properties Casa La Roca I, II and III since their possession on April 1, 2021, and to deposit any and all such proceeds in an account to be opened with the Clerk of the Court. Furthermore, Plaintiffs are ordered to submit to the Court a detailed schedule of the rentals of the three (3) properties for the next six (6) months, including expected proceeds from such rentals.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of May 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge