# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM RIVERA MOLINA, INT'L BUS. SOL., LLC, and EBANO 155, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,<br><br>Defendants. | Civil No. 21-1004 (GAG) |
| CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM RIVERA MOLINA, personally and in representation of POPPY 47, INC., INT'L BUS. SOL., LLC, EBANO 155, INC., DC PROJECT MGMT. CORP.,<br><br>Defendants. | Civil No. 21-1144 (GAG) |

## MEMORANDUM ORDER

Presently before the Court is William Rivera Molina, International Business Solutions, LLC, Ebano 155, Inc., and DC Project Management Corp. (collectively, "Rivera Molina")'s motion to disqualify the law firm of Indiano & Williams from representing Casa La Roca, LLC, Charles Henry Eugene Vogel, and Juanita Kay Vogel (collectively, "Vogel") in the above-captioned lawsuits. (Docket No. 92). Vogel opposed. (Docket No. 93). For the ensuing reasons, the Court **DENIES** Rivera Molina's motion to disqualify counsel at Docket No. 92.

**Civil No. 21-1004 (GAG)**

I. **Standard of Review**

A motion to disqualify an attorney is an accepted and adequate way for a litigant to bring a potential conflict of interest to the Court's attention. See Reyes Cañada v. Rey Hernández, 193 F. Supp. 2d 409, 411 (D.P.R. 2002); Southwire Co. v. Ramallo Brothers Printing, Inc., Civil No. 03-1100 (GAG), 2009 WL 3429773, at *1 (D.P.R. Oct. 19, 2009). Courts, however, should be cautious in analyzing a disqualification motion because they are often used for strategic purposes. See Reyes Cañada, 193 F. Supp. 2d at 411; Somascan Plaza, Inc. v. Siemens Med. Sys., 187 F.R.D. 34, 37 (D.P.R. 1999). Furthermore, disqualifying a "party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict." Estrada v. Cabrera, 632 F. Supp. 1174, 1175 (D.P.R. 1986) (citing Richmond Hilton Ass'n v. City of Richmond, 690 F.2d 1086, 1089 (4th Cir. 1982)). Thus, the Court must balance a client's right to be represented by an attorney of its choice and the integrity of the legal system. See Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984); Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F. Supp. 253, 256 (D.P.R. 1995).

II. **Discussion**

In moving to disqualify counsel for Vogel, Rivera Molina argues that Vogel's "Urgent Motion for Service Update as to Personal Service Attempts on Defendant William Rivera Molina," at Docket No. 52 exposed an impermissible conflict of interest pursuant to Rule 1.9(a) of the Model Rules of Professional Conduct ("Model Rules"). (Docket No. 92 at 2). In his motion for service of summons, Vogel stated:

> Since then, [Vogel] has relentlessly attempted to serve [International Business Solutions, LLC,] through defendant and principal [Rivera Molina]. Rivera [Molina] is clearly attempting to avoid and evade service in order to delay these proceedings. *Undersigned counsel has already witnessed this behavior by Rivera [Molina] in other litigation related to these very same properties wherein he was subpoenaed to testify as a witness.*

(Docket No. 52 at 2) (added emphasis). Rivera Molina contends that the conflict of interest arises from the relationship between himself and Indiano & Williams—Vogel's current legal

**Civil No. 21-1004 (GAG)**

representation who also represented Vogel in a prior litigation: Vogel v. Universal Ins. Co., Civil No. 18-1706 (RAM) (D.P.R. Mar. 24, 2021).

Rivera Molina alleges that Indiano & Williams consistently acted as his legal representative and, consequently, a conflict of interest exists in the firm's representation of Vogel. (Docket No 92 at 3). Moreover, Rivera Molina claims that Indiano & Williams gained direct access to a great deal of personal knowledge about his behavior such as: his personality traits, his potential strengths as well as weaknesses as a witness, his working habits, and his entrepreneurial vision. Id. Rivera Molina posits that a conflict of interest exists because Indiano & Williams is impermissibly using this knowledge about his personal and business life, which he "reasonably thought was covered by the attorney-client privilege" from the prior litigation related to the same properties now subject to the above-captioned lawsuit. Id.

  a. Civil No. 18-1706 (RAM)

In Vogel v. Universal Ins. Co., Civil No. 18-1706 (RAM), Rivera Molina served as a liaison between Indiano & Williams and Vogel, and was the principal witness with regards to Vogel's claims against Universal Insurance Co. seeking to collect monies owed under insurance policies covering the Casa La Roca properties. (Docket No. 92 at 3-6, n. 1). Ultimately, Vogel v. Universal Ins. Co., was dismissed when the Court granted Universal's motion for summary judgment ruling that the Casa La Roca properties no longer qualified for coverage under the insurance policy. Vogel v. Universal Ins. Co., Civil No. 18-1706 (RAM), 2021 WL 1125015, at *14 (D.P.R. Mar. 24, 2021). Specifically, the Court found that Vogel had been renting the La Roca properties since 2016, which the insurance policy explicitly excluded from coverage. Id. at 14-15.

  b. Model Rules of Professional Conduct

Rule 1.9(a) of the Model Rules provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that

person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

MODEL RULES OF PRO. CONDUCT r. 1.9(a) (AM. BAR ASS'N 2019); see also D.P.R. L.Cv.R. 83E(a). Rule 1.10 provides for the imputed disqualification of an attorney, such that if one member of a firm is disqualified from a case, his colleagues in the firm are likewise disqualified. MODEL RULES OF PRO. CONDUCT r. 1.10 (AM. BAR ASS'N 2019). The purpose of this disqualification rule is to prevent confidential information, from a prior representation, from being used for the benefit of another client who is now the adversary of the prior client. Reyes Cañada, 193 F. Supp. 2d at 411; Kevlik, 724 F.2d at 850-51.

The First Circuit has reaffirmed that the "substantially related" test governs the inquiry into whether disqualification is appropriate in attorney conflict of interest cases. Starlight Sugar Inc. v. Soto, 903 F. Supp. 261, 265 (D.P.R. 1995) (citing Borges v. Our Lady of the Sea Corp., 935 F.2d 436, 439 (1st Cir. 1991)). "The relevant inquiry is whether the subject matter of the two representations is 'substantially related;' could the attorney have obtained confidential information in the first suit that would have been relevant to the second." Borges, 935 F.2d at 439; see also Kevlik, 724 F.2d at 850-51. The following approach is useful to determine whether matters are "substantially related:"

> First, the court reconstructs the scope of the facts involved in the former representation and projects the scope of the facts that will be involved in the second representation. Second, the court assumes that the lawyer obtained confidential client information about all facts within the scope of the former representation. Third, the court determines whether any aspect of the former representation is so similar to any material matter in the latter representation that a lawyer would consider it useful in advancing the interests of the client in the latter representation.

Starlight, 903 F. Supp. at 265-66. In addition, "[t]he moving party bears the burden in a motion to disqualify. Thus, the moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter

**Civil No. 21-1004 (GAG)**

representation." Starlight, 903 F. Supp. at 265 (citing Estrada, 632 F. Supp. at 1175); see also in re Agent Orange Product Liability Litigation, 800 F.2d 14, 19 (2d Cir. 1986).

Vogel claims that the conflict of interest argument is inapplicable to this scenario because Indiano & Williams never had an attorney-client relationship with Rivera Molina. (Docket No. 93 at 17). Vogel states that Indiano & Williams' relationship with Rivera-Molina consisted solely of an attorney-witness relationship as part of the firm's sole representation of Vogel in the breach of insurance contract claim. (Docket No. 93 at 14, 17). As such, Vogel cites Headfirst Baseball LLC v. Elwood, 999 F. Supp. 2d 199, 203-04, 209 (D.D.C. 2013), to argue that Rivera Molina fails the first part of the "substantial relationship" test because "there is simply no proof to uphold that the relation between Indiano & Williams and Rivera Molina was one that construes a former legal relationship." (Docket No. 93 at 17).

Under Puerto Rico law, it is well established "that an attorney-client relationship begins when a potential client seeks the advice or representation of an attorney on a legal issue." Campos-Matos v. Evanstone Ins. Co., 208 F. Supp. 2d 170, 173 (D.P.R. 2002) (citing In re Belén Trujillo, 26 P.R. Offic. Trans. 60, at 11, 126 P.R. Dec. 743, 756 (P.R. 1990)).

Here, there is absolutely no evidence that Rivera Molina had an attorney-client relationship with Indiano & Williams. In fact, Vogel provides evidence that Rivera Molina was a third-party witness in the insurance contract suit, (Docket Nos. 93-15; 93-17), and that he even retained separate legal counsel. (Docket No. 93-18). In addition, Vogel points out that Rivera Molina never signed a retainer agreement with Indiano & Williams, nor did the firm receive payment of any attorneys' fees from Rivera Molina. (Docket No. 93 at 12); see Headfirst Baseball, 999 F. Supp. 2d at 210 (holding no attorney-client relationship existed because neither party presented documentation affirming this relationship).

**Civil No. 21-1004 (GAG)**

Rivera Molina alleges he was responsible for the hiring of Indiano & Williams to pursue the insurance contract claim. (Docket No. 92-1 ¶ 7). However, Indiano & Williams claims this assertion is false. (Docket No. 93 at 4-5, 21). Instead, it avers that attorney Jose Antonio Pagán Nieves from Pagan Law Offices, who previously represented Vogel in an extrajudicial claim to Universal Insurance Co., referred Vogel to Indiano & Williams. (Docket Nos. 93 at 4-5, 21; 93-1). In conclusion, Rivera Molina has failed to prove that he was a former client of Indiano & Williams, which would have established an attorney-client relationship under Puerto Rico law. He was never a potential client who sought the law firm's advice or representation on a particular legal issue.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Rivera Molina's motion to disqualify counsel at Docket No. 92.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of June 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
