**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **WILLIAM RIVERA MOLINA, INT'L BUS. SOL., LLC, and EBANO 155, INC.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,** <br><br> **Defendants.** | **Civil No. 21-1004 (GAG/GLS)** |
| **CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **WILLIAM RIVERA MOLINA, personally and in representation of POPPY 47, INC., INT'L BUS. SOL., LLC, EBANO 155, INC., DC PROJECT MGMT. CORP.,** <br><br> **Defendants.** | **Civil No. 21-1144 (GAG/GLS)** |

## **OPINION & ORDER ADOPTING REPORT & RECOMMENDATION**

Pending before the Court is Casa La Roca, LLC, Charles Henry Eugene Vogel, and Juanita Kay Vogel (collectively, "Vogel")'s "Urgent Motion for Order to Seize Proceeds of All Rentals from Possessor in Bad Faith." (Docket Nos. 39, 56, 58). The Court referred said motion to Magistrate Judge Giselle López Soler. (Docket Nos. 47, 60).

Judge López Soler issued a ruling (Docket No. 64) granting the motion to seize proceeds and ordered William Rivera Molina, International Business Solutions, LLC, Ebano 155, Inc., and DC

**Civil No. 21-1004 (GAG)**

Project Management Corp. (collectively, "Rivera Molina"): (1) to submit a detailed inventory of the rental proceeds of the Casa La Roca I, II, and III properties since April 1, 2021, (2) to deposit the proceeds into an account with the Clerk of the Court, and (3) to submit a detailed schedule of the future rentals, including expected proceeds, for the next six months. (Docket No. 64 at 8).

The following day, Vogel requested to have the rental proceeds for the month of April deposited with the Court. (Docket No. 66). Judge López Soler granted this motion and ordered Rivera Molina to deposit all proceeds by Friday, May 7, 2021. (Docket No. 67). Rivera Molina moved to set aside this order, but the undersigned denied it without prejudice and stayed Judge López Soler's order regarding the deposit of April's rental proceeds "until the matter has been reviewed either as an objection to a report and recommendation and/or appeal of a non-dispositive order (whichever standard applies)." (Docket Nos. 69, 70). "For all practical purposes, Judge López Soler's order has already been issued, thus the same remains and will be considered as referred [sic] to her *nunc pro tunc*." (Docket No. 70).

### I. Referral of Motion to Magistrate Judge

As a threshold matter, the Court addresses a procedural issue regarding the referral of the motion at Docket No. 39 to Magistrate Judge López Soler.

The Federal Magistrates Act confers authority upon district judges to designate magistrate judges to hear pretrial motions. 28 U.S.C. § 636(b)(1). "Magistrate judges serve as aides to, and under the supervision of, district judges; but magistrate judges are not themselves Article III judicial officers. Given their status as Article I judicial officers, magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 13 (1st Cir. 2010).[1] "This is so because '[t]he Constitution requires

---

[1] "We say 'ordinarily' because there is an exception for cases in which all parties consent. See 28 U.S.C. § 636(c); FED. R. CIV. P. 73." PowerShare, 597 F.3d at 13 n. 1. In the present case, the record reveals no such consent.

**Civil No. 21-1004 (GAG)**

Article III judges exercise final decision-making authority.'" Id. (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1463 (10th Cir. 1988)). "Dispositive motions include those enumerated in 28 U.S.C. § 636(b)(1)(A), but this list is not exhaustive; rather, it simply 'informs the classification of other motions as dispositive or nondispositive.'" PowerShare, 597 F.3d at 13 (quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5-6 (1st Cir. 1999)).

FED. R. CIV. P. 72 "sets out two separate standards of review to be employed by a district judge in reviewing a magistrate judge's determinations." PowerShare, 597 F.3d at 14. When a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); see also PowerShare, 597 F.3d at 14; D.P.R. L.Cv.R. 72. When, however, a magistrate judge passes upon a dispositive motion, he or she may only issue a recommended decision, and if there is a timely objection, the district judge must engage in de novo review. FED. R. CIV. P. 72(b); see also PowerShare, 597 F.3d at 14.

In the present case, the Court interprets the motion to seize proceeds as a motion for injunctive relief. Motions for injunctive relief are considered dispositive motions under 28 U.S.C. § 636(b)(1)(A). Thus, Judge López Soler's ruling is deemed a report & recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.     Standard of Review**

Accordingly, the Court conducts a *de novo* review of Judge López Soler's determination as a report and recommendation. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); see also Cherox Inc. v. Tip Top Constr. Corp., 175 F. Supp. 3d 1, 2 (D.P.R. 2016).

**Civil No. 21-1004 (GAG)**

### III. <u>Legal Analysis and Discussion</u>

In her report and recommendation, Judge López Soler found that there is "no question that any possession by [Rivera Molina] of the properties after March 31, 2021, is in bad faith," pursuant to the definition of a bad faith possessor in Article 363 of the previous Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 1424, as well as Article 710 of the Puerto Rico Civil Code of 2020, Law No. 55 of June 1, 2020 ("Law 55").[2] (Docket No. 64 at 7). Accordingly, Judge López Soler applied the corresponding remedy under Article 384 of the previous Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 1470, and Article 730 of Law 55: "bad faith possessors are liable to legitimate owners for proceeds generated from the possession and for any proceeds that could have been generated by the rightful owner of the property." [3] (Docket No. 64 at 7). Judge López Soler then instructed Rivera Molina to deposit the rental proceeds pursuant to FED. R. CIV. P. 64 and the provisional remedies of Rule 56 of the Puerto Rico Rules of Civil Procedure. (Docket No. 64 at 5, 8).

Rivera Molina objects Judge López Soler's findings on four grounds. (Docket No. 83). First, Rivera Molina asserts that it is unreasonable for Judge López Soler to determine that he is a bad faith possessor without an evidentiary hearing. <u>Id.</u> at 3-6, 9-11, 14-15. According to <u>Consejo de Titulares del Condominio Parkside v. Villa Edamorga, Inc.</u>, 161 P.R. Dec. 785, 800 (P.R. 2004), Rivera Molina claims the Court has to ascertain the level of awareness that he might have as to any flaws in their title from their psychological standpoint.[4] (Docket No. 83 at 4-6). Rivera Molina cites to

---

[2] Article 363's definition of a bad faith possessor reads, "A bona fide possessor is deemed to be the person who is not aware that there exists in his title or in the manner of acquiring it, any flaw invalidating the same. A possessor in bad faith is deemed to be any person possessing in any case contrary to the above." P.R. LAWS ANN. tit. 31, § 1424. Article 710 of Law 55 is identical to Article 363 of the previous Puerto Rico Civil Code for all practical purposes.

[3] Article 384 reads, "A possessor in bad faith shall pay for the fruits collected and for those which the lawful possessor might have collected, and shall only have the right to be reimbursed for the necessary expenses incurred in the preservation of the thing. . . ." P.R. LAWS ANN. tit. 31, § 1470. Article 730 of Law 55 is nearly identical to Article 363 of the previous Puerto Rico Civil Code for all practical purposes.

[4] Rivera Molina states that "from a psychological standpoint, it is obvious that Rivera Molina is not aware of any flaws in his title that could make him a possessor in bad faith" because they believe "he has a right to extend the termination agreement pursuant to the force majeure provision contained in Section 9(L)." (Docket No. 83 at 5).

4

**Civil No. 21-1004 (GAG)**

González v. Heirs of Díaz, 69 P.R. 598, 69 P.R. Dec. 643 (P.R. 1949), to posit that awareness—or lack thereof—of flaws in the title for purposes of establishing the bad faith of a possessor are factual issues requiring an evidentiary hearing. (Docket No. 83 at 9-11). Rivera Molina also advances that the Court may dispense of the need to conduct an evidentiary hearing only if the submissions are of evidentiary quality or if the facts are essentially undisputed. See Rosario-Urdaz v. Rivera Hernández, 350 F.3d 219, 223 (1st Cir. 2003). Rivera Molina contends that the facts in relation to whether they are bad faith possessors are essentially disputed and that the submissions are not of evidentiary quality. (Docket No. 83 at 11). Thus, he argues the Court may not dispose of the need for an evidentiary hearing.

The Court disagrees with Rivera Molina's objections and concurs with Judge López Soler's factual findings and reasoning. FED. R. CIV. P. 64 authorizes the prejudgment attachment of property and makes available to district courts every remedy "that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." See HMG Prop. Investors, Inc. v. Parque Indus. Río Cañas, Inc., 847 F.2d 908, 913 (1st Cir. 1988), Citibank, N.A. v. Allied Mgmt. Grp., Inc., 466 F. Supp. 2d 403, 405-06 (D.P.R. 2006); see also Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1521 (11th Cir. 1994).

The Supreme Court has explained, "long-settled federal law provide[s] that in all cases in federal court, . . . state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." Mitsubishi Int'l, 14 F.3d at 1521 (quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Local No. 70, 415 U.S. 423, 437 n. 10 (1974)).

As such, the Court looks at Rule 56 of the Puerto Rico Rules of Civil Procedure. Rule 56.1 provides that:

> [B]efore or after entering judgment, and on motion of claimant, the Court may issue any provisional order it may deem necessary to secure satisfaction of the judgment.

> The Court may order the attachment [or] garnishment . . . of personal property . . . or it may order any other measure it deems necessary, according to the circumstances of the case.

P.R. LAWS ANN. tit. 32, Ap. I, § 56.1; see also Vera-Vélez v. Díaz-Sánchez, Civil No. 06-2127 (SEC), 2009 WL 2929337, at *1 (D.P.R. Sept. 8, 2009). In addition, Rules 56.2 and 56.3 establish that no order should be issued without providing the affected party prior notice and an opportunity to be heard as well as without the posting of a bond to secure all damages that could arise from granting the remedy. P.R. LAWS ANN. tit. 32, Ap. I, §§ 56.2, 56.3; see also Vera-Vélez, 2009 WL 2929337, at *1. Rule 56's "only limitation is that the measure be reasonable and adequate to the essential purpose of the same, which is to guarantee the effectiveness of the judgment which in due time may be rendered." HMG Prop. Investors, 847 F.2d at 914 (citing F.D. Rich Co. v. Superior Court, 99 P.R. 155, 173, 99 P.R. Dec. 158, 176 (P.R. 1970)); see also Vera-Vélez, 2009 WL 2929337, at *2.

As a general rule, the Puerto Rico Supreme Court has held that in any case in which an attachment is sought, prior notice and hearing—as well as a bond—are required before the Court renders a decision. Citibank, N.A., 466 F. Supp. 2d at 405-06 (citing Rivera Rodríguez & Co. v. Stowell Taylor, 133 P.R. Dec. 881, 896, P.R. Offic. Trans., 1993 WL 840026 (P.R. 1993)). The hearing may be postponed until after the attachment is executed only in those instances in which the claimant has alleged or demonstrated: (1) a prior property interest on the asset to be attached; (2) the existence of extraordinary circumstances; or (3) a probability of prevailing on the merits through the use of authentic documentary evidence which shows that there is a debt liquid, due, and payable. Citibank, N.A., 466 F. Supp. 2d at 406 (citing Rivera Rodríguez, 133 P.R. Dec. at 899-900); see also Vera-Vélez, 2009 WL 2929337, at *1. If Vogel alleged or demonstrated any of these conditions, then a pre-attachment hearing is not required. See Citibank, N.A., 466 F. Supp. 2d at 406 (citing Rivera Rodríguez, 133 P.R. Dec. at 899-900).

**Civil No. 21-1004 (GAG)**

A prior property interest on the debtor's real or personal property exists when one of the following is present: "mortgages, conditional sales, leasing, and the co-ownership situation that arises in cases involving judicial division of community assets." Citibank, N.A., 466 F. Supp. 2d at 407 (quoting Rivera Rodríguez, 133 P.R. Dec. at 901 n. 17).

After careful review of the termination agreement (Docket No. 1-5), Rivera Molina's complaint (Docket No. 9), Rivera Molina's sworn statement in support of his complaint (Docket No. 9-1), Vogel's counterclaim (Docket No. 14), and Vogel's statement under penalty of perjury (Docket No. 14-6), the Court adopts Judge López Soler's finding that "there is no dispute that at this time Vogel is the rightful owner of La Roca I, II, and III" because "the record contains authentic documentary evidence to establish Vogel's proprietary interests in La Roca I, La Roca II, and La Roca III[.]" (Docket No. 64 at 6). The undersigned agrees that "such a proprietary interest is not in dispute, [thus] the provisional remedy requested by Vogel may be entertained without the need of a prior hearing . . . ." Id. at 7; see Rosario-Urdaz, 350 F.3d at 223 (affording respect to presider's decision not to convene evidentiary hearing when the facts are essentially undisputed).

Judge López Soler's factual findings that deemed Rivera Molina as a bad faith possessor is proper under Puerto Rico law because Judge López Soler applied the correct test: whether Rivera Molina knew or should have known of flaws in the title. See Villa Edamorga, 161 P.R. Dec. at 800.

As Judge López Soler stated, "given that [Rivera Molina had] knowledge that the Termination Agreement expired, *at the latest*, on March 31, 2021, there can be little doubt that [Rivera Molina is] in fact [a] bad faith possessor[] since at least April 1, 2021." (Docket No. 64 at 7) (original emphasis); see Capó v. A. Hartman & Co., 57 P.R. 190, 196-197, 57 P.R. Dec. 196, 203 (P.R. 1940) (determining bad faith possessor knew of flaws in title based off property records and notice from interested party); Lluberas v. Mercado e Hijos, 75 P.R. 7, 17, 75 P.R. Dec. 7, 18-19 (P.R. 1953) (finding defendant's possession after expiration of lease was in bad faith); see also Villa

**Civil No. 21-1004 (GAG)**

Edamorga, 161 P.R. Dec. at 800. Moreover, the Court rejects Rivera Molina's objection that González mandates evidentiary hearings for determinations of bad faith possession. 69 P.R. 598, 69 P.R. Dec. 643. Therein, the Puerto Rico Supreme Court remanded the case for further proceedings after it disagreed with the lower court's finding that defendant was a bona fide possessor. 69 P.R. at 616, 69 P.R. Dec. at 662. Nowhere does González, 69 P.R. 598, 69 P.R. Dec. 643, suggest that evidentiary hearings are necessary to make the factual determination that Rivera Molina is a bad faith possessor.[5]

Rivera Molina's second objection is that Judge López Soler's interpretation of the force majeure clause in the termination agreement is unreasonable because it renders this clause meaningless. (Docket No. 83 at 6-9). According to Rivera Molina, the force majeure clause's purpose is to ensure that he "will have the benefit of the full twenty months awarded in this contract, i.e., to retain 100% of the net profit of the operation and maintenance short-term rental business." Id. at 7, 9.

The Court also disagrees with Rivera Molina's argument and concurs with Judge López Soler once again. Judge López Soler reasoned as follows:

> [Rivera Molina's] claim that they should have had possession of the properties between January and March 2021 due to the operation of the force majeure clause of the termination agreement is irrelevant to the inquiry before the Court now. While this argument may be relevant to the merits of any breach of contract claim [Rivera Molina] may have against Vogel, it has no bearing on whether Vogel is likely to succeed on the merits of their claims for the proceeds generated by [Rivera Molina] (payment of the fruits of the bad faith possession) after April 1, 2021.

(Docket No. 64 at 7). Rivera Molina's argument that the force majeure clause should be extended until he has "the benefit of the full twenty months awarded in this contract" has no bearing on whether the proceeds that Rivera Molina generates from Casa La Roca I, II, and III should be

---

[5] Mr. Rivera Molina conveniently forgot to include a pinpoint cite when referencing González to support his argument that evidentiary hearings are necessary for factual determinations of bad faith possession. (Docket No. 83 at 9).

8

**Civil No. 21-1004 (GAG)**

attached before a final judgment. The issue of whether property should be attached prejudgment turns to the question of whether Rivera Molina knew or should have known of flaws in their title to qualify as bad faith possessors. Rivera Molina's argument regarding a possible interpretation of the force majeure clause is mainly relevant for the breach of contract claim.

In addition, the Court is not convinced by Rivera Molina's argument that he was not aware of flaws in his title because he thought the force majeure clause extended his possession until he received the benefit of the full 20 months of the contract. The force majeure clause in the termination agreement reads:

> If any force majeure event is of such magnitude (such as a hurricane) that it interrupts conducting the operation, maintenance and short rental business by preventing rentals for more than ten (10) continuous days, then the Termination Date will be extended so that IBS will have the benefit of the full 20 months awarded in this contract, not to exceed ninety (90) days no matter what the circumstances.

(Docket No. 1-5 at 7). A plain reading of the contract clearly indicates that the application of the force majeure clause shall "not exceed ninety (90) days *no matter what the circumstances*." Id. (added emphasis). Thus, Rivera Molina should have known of flaws in his title from a plain reading of the termination agreement that the force majeure clause would not extend his right to possess Casa La Roca I, II, and III past ninety (90) days—until March 31, 2021—from the termination date on December 31, 2020.

However, Rivera Molina notes that they have not been in possession of Casa La Roca I, II, and III after Vogel disturbed Rivera Molina's possession in late December 2020. (Docket Nos. 35; 83 at 8-9). As such, he has not been able to enjoy the benefits of the force majeure clause. (Docket No. 83 at 8). Nevertheless, Rivera Molina has been collecting all the rental proceeds during this period while Vogel paid the utilities bill. (Docket No. 86 at 13). Thus, the Court concludes that Rivera Molina has benefited from the force majeure clause to its fullest extent.

**Civil No. 21-1004 (GAG)**

Rivera Molina's third objection is in regard to Judge López Soler's ruling, which reads: "[t]he Memorandum Order at Docket No. 35 was issued by the Court on March 29, 2021. Neither party moved for reconsideration under Rule 59 of the Federal Rules of Civil Procedure and the time for doing so has elapsed." (Docket No. 64 at 4 n. 3). Rivera Molina argues that he can't move for reconsideration of the undersigned's memorandum order deeming him as a bad faith possessor because the memorandum order is not a judgment. (Docket No. 83 at 12). A "motion seeking the reconsideration of a judgment *or order* is considered as a motion to alter or amend a judgment under FED. R. CIV. P. 59(e) if it seeks to change *the order* or judgment issued." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) aff'd, 440 F.3d 11 (1st Cir. 2006) (added emphasis). As such, Rivera Molina could have filed a motion for reconsideration of the undersigned's memorandum order within 28 days. FED. R. CIV. P. 59(e).

Rivera Molina's fourth and final objection is that Vogel "obtained from the Court a remedy that was even more generous than the one they had originally requested in their [motion to seize proceeds.]" (Docket No. 83 at 2-3). Specifically, Rivera Molina argues that Judge López Soler's order dictating him "to submit to the Court a detailed schedule of the rentals of the three (3) properties for the next six (6) months, including expected proceeds from such rentals" was not a requested remedy. Id. at 3.

The Court disagrees with Rivera Molina's objection and concurs with Judge López Soler finding. "The entry of an order for [Rivera Molina] to deposit the proceeds of the rentals from April 1, 2021, onward falls within the ambit of Rule 56 [of the Puerto Rico Rules of Civil Procedure] and is both reasonable and adequate for the purpose of securing the judgment which Vogel seeks in the Eviction Complaint." (Docket No. 64 at 8); see HMG Prop. Investors, 847 F.2d at 914 (citing F.D. Rich Co., 99 P.R. at 173, 99 P.R. Dec. at 176). Moreover, Rivera Molina's argument fails because, as Vogel stated in his response to Rivera Molina's objections, "[c]learly, the detailed schedule of

**Civil No. 21-1004 (GAG)**

rentals and proceeds fits into [Vogel's] request for the rental schedule of the properties and accounting documents for all rental proceeds." (Docket No. 86 at 13).

### IV. Conclusion

After reviewing Judge López Soler's opinion & order as well as considering Rivera Molina's objections, Vogel's response, and Rivera Molina's reply, the Court **ADOPTS** Judge López Soler's report and recommendation at Docket No. 64 and **GRANTS** Vogel's motion to seize proceeds at Docket No. 39.

Moreover, the Court orders Rivera Molina to deposit the rental proceeds for the months of April and May 2021 as well as to obey Judge López Soler's instructions in her report and recommendation: (1) to submit a detailed inventory of the rental proceeds of the Casa La Roca I, II, and III properties since April 1, 2021, (2) to deposit any and all such proceeds into an account with the Clerk of the Court, and (3) to submit a detailed schedule of the future rentals, including expected proceeds, for Casa La Roca I, II and III's next four months up until September 2021.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of June 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge