UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILLIAM RIVERA MOLINA, INT'L BUS. SOL., LLC, and EBANO 155, INC.,**  **Plaintiffs,**  v.  **CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,**  **Defendants.** | Civil No. 21-1004 (GAG) |
| **CASA LA ROCA, LLC, CHARLES HENRY EUGENE VOGEL, and JUANITA KAY VOGEL,**  **Plaintiffs,**  v.  **WILLIAM RIVERA MOLINA, personally and in representation of POPPY 47, INC., INT'L BUS. SOL., LLC, EBANO 155, INC., DC PROJECT MGMT. CORP.,**  **Defendants.** | Civil No. 21-1144 (GAG) |

## MEMORANDUM ORDER

Pending before the Court is William Rivera Molina, International Business Solutions, LLC, and Ebano 155, Inc. (collectively, "Rivera Molina")'s motion for reconsideration of the Court's memorandum order at Docket No. 103 denying Rivera Molina's motion to disqualify the law firm of Indiano & Williams from legally representing Casa La Roca, LLC, Charles Henry Eugene Vogel, and Juanita Kay Vogel (collectively, "Vogel") in the above-captioned lawsuits. (Docket No. 142).

Vogel opposed. (Docket No. 146). For the ensuing reasons, the Court **DENIES** Rivera Molina's motion for reconsideration at Docket No. 142.

I. **Standard of Review**

Motions for reconsideration are generally considered either under FED. R. CIV. P. 59 or Rule 60, depending on the time such a motion is served. Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005) (citing Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). A motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Villanueva-Méndez, 360 F. Supp. 2d at 322. Courts generally recognize three valid grounds for Rule 59(e) relief: "an intervening change in the controlling law, a clear legal error, or newly discovered evidence." Soto-Padró v. Public Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2017).

II. **Legal Analysis and Discussion**

Rivera Molina requests the Court to reconsider under FED. R. CIV. P. 59(e) its order denying the motion for disqualification of Indiano & Williams because the Court committed a clear error of law denying the motion solely on the basis of Indiano & Williams's allegations when the Court considered these allegations as evidence. (Docket No. 142 at 2-4).

Rivera Molina posits that according to the express language of the order, (Docket No. 103 at 5-6), the Court concluded that Indiano & Williams did not have a conflict of interest because Indiano & Williams "claimed," "stated," and "argued" that no such conflict existed. (Docket No. 142 at 3-4). Rivera Molina cites to Jupiter v. Ashcroft, 396 F.3d 487 (1st Cir. 2005) (quoting Corrada Betances v. Sea-Land Serv., 248 F.3d 40, 43 (1st Cir. 2001)), to argue that the Court erred because Indiano & Williams's factual assertions in pleadings or legal memoranda are not evidence and do not establish material facts. (Docket No. 142 at 4).

Furthermore, Rivera Molina argues the Court erred when it concluded that there was "absolutely no evidence that Rivera Molina had an attorney-client relationship with Indiano & Williams," (Docket No. 103 at 5), notwithstanding the fact that the motion to disqualify was supported by William Rivera Molina's unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. (Docket Nos. 92-1; 142 at 4). Moreover, Rivera Molina argues that the fact that: (1) Indiano & Williams included in its opposition two orders from the Court, (Docket Nos. 93-15; 93-17), showing that William Rivera Molina was a witness in the insurance case: Vogel v. Universal Ins. Co., Civil No. 18-1706 (RAM), 2021 WL 1125015 (D.P.R. Mar. 24, 2021) (the "insurance case"), or that (2) another attorney appeared on behalf of William Rivera Molina in the insurance case, (Docket No. 93-18), does not disprove William Rivera Molina's allegations about the existence of a conflict of interest between Indiano & Williams and Rivera Molina based on its alleged previous representation of both William Rivera Molina and Vogel in the insurance case. (Docket No. 142 at 4).

As such, Rivera Molina argues that the Court cannot deny the motion for disqualification of Indiano & Williams without neither considering evidence nor allowing the parties to conduct expedited and limited discovery on the issue of the existence of an attorney-client relationship between him and Indiano & Williams. Rivera Molina refers to Bbale v. Lynch, 840 F.3d 63 (1st Cir. 2016) (citing Jupiter, 396 F.3d at 491), to assert that a party's factual assertions in pleadings are not evidence and are not sufficient to establish material facts. (Docket No. 142 at 4).

Vogel opposes arguing that an evidentiary hearing is not necessary because Vogel submitted abundant documentary evidence in support of its opposition to Rivera Molina's motion to disqualify, whereas Rivera Molina only filed a self-serving unsworn statement under penalty of perjury. (Docket No. 146 at 3-6). In his opposition, Vogel discusses the inapplicability of Rivera Molina's cited case of Jupiter, 396 F.3d 487, because it was an immigration case that did not involve the issue of whether

there was an attorney-client relationship. (Docket No. 146 at 3). In Jupiter, the petitioner filed a motion stating that it had failed to voluntarily abandon American soil within the term he had previously agreed upon because his counsel did not advise him of this deadline. Jupiter, 396 F.3d at 491. The United States Court of Appeals for the First Circuit found that the petitioner had attached no evidence or sworn statements to its motion in support of those statements. See id. In response, the First Circuit held that counsel's factual assertions in pleadings or legal memoranda are not evidence and do not establish material facts. See id.

Vogel argues that Jupiter is entirely inapposite to this issue because Rivera Molina supported the motion to disqualify only with William Rivera Molina's unsworn statement under penalty of perjury while, on the other hand, Vogel's opposition thereto was accompanied and supported by a plethora of exhibits, including: (1) disclosure letters from the insurance case, (2) written discovery documents from the insurance case, (3) email communications with defendants in the insurance case that showed Indiano & Williams did not represent William Rivera Molina and only communicated with him as a witness in the matter, (4) subpoenas against William Rivera Molina for production of documents as well as (5) to appear at an oral deposition, (6) a notice of appearance as William Rivera Molina's counsel, and (7) a transcript of William Rivera Molina's deposition in the insurance case. (Docket No. 146 at 4).

As a result, Vogel argues that Rivera Molina failed to rebut the evidence proffered by Vogel. (Docket No. 146 at 4). In addition, Vogel argues that Rivera Molina fails to comprehend that he had the initial burden of proof on this matter and failed to meet said burden by basing his argument on his own statements and nothing else. (Docket No. 146 at 5). Vogel claims that the abundance of documentary evidence disproves William Rivera Molina's allegations in his self-serving affidavit. Id.

Vogel argues Rivera Molina mistakenly believes that the Court denied its motion to disqualify solely on Indiano & Williams's allegations. Id. Vogel clarifies that the Court's ruling was grounded

on the documentary evidence on record. (Docket No. 146 at 5). To this end, the order stated: "Vogel provides evidence that Rivera Molina was a third-party witness in the insurance contract, (Docket Nos. 93-15; 93-17), and that he even retained legal counsel. (Docket No. 93-18)." (Docket No. 103 at 5). Consequently, Vogel argues that this reference defeats Rivera Molina's argument because it directly contradicts Rivera Molina's claim that the Court based its decision only on Indiano & Williams's allegations. (Docket No. 146 at 5).

Moreover, Vogel argues that Rivera Molina fails to show the legal basis for the purported need to receive evidence or conduct expedited and limited discovery on whether an attorney-client relationship existed. Instead, Vogel asserts that the United States Court of Appeals for the Tenth Circuit, the Unites States District Court for the District of Kansas, and the Western District of Oklahoma have held that evidentiary hearings on motions to disqualify are not warranted when the parties have fully briefed the issue and there are no disputed facts or there is otherwise no need for any additional evidence to be presented to the Court. See Weeks v. Ind. School Dist. No. I-89 of Oklahoma Cnty., OK., Bd. Of Educ., 230 F.3d 1201 (10th Cir. 2000); see also Lowe v. Experian, 328 F. Supp. 2d 1122 (D. Kan. 2004); In re Kretchmar, 577 B.R.R. 397 (Bankr. W.D. Okla. 2017). Vogel argues that because Rivera Molina fails to submit a legal basis for his argument that an evidentiary hearing was needed, Rivera Molina cannot claim that the Court's denial of the motion to disqualify constitutes a clear error of law.

The Court agrees with Vogel. The Court did not commit a error of law. Contrary to Rivera Molina's arguments, the Court weighed the evidence on record, specifically: (1) the two Court orders from August 20 and September 4, 2019, (Docket Nos. 93-15; 93-17), (2) the notice of appearance as legal representation of William Rivera Molina from September 10, 2019, and (3) the extrajudicial claim prepared by attorney José Antonio Pagán Nieves (Vogel's previous representation in the insurance case) from May 30, 2018, which demonstrate that no attorney-client relationship existed

between William Rivera Molina and Indiano & Williams as well as that the firm was not hired because of William Rivera Molina but rather due to attorney Jose Antonio Pagán Nieves's referral, as well as (4) William Rivera Molina's self-serving affidavit. After careful consideration, the Court reasonably concluded that Rivera Molina failed to meet the burden of proof to disqualify the law firm of Indiano & Williams from representing Vogel.

A party's own affidavit, which contains relevant information of which he or she has first-hand knowledge, may be self-serving, but is nonetheless competent to support or defeat motions as a matter of law. See Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997) (citing Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 583 (1st Cir. 1994)). However, statements made upon information and belief, as opposed to personal knowledge, are not entitled to weight as a matter of law. See Cadle Co., 116 F.3d at 961 (citing Griggs-Ryan v. Smith, 904 F.2d 112, 117-18 (1st Cir. 1990) and FED. R. CIV. P. 56(e)).

In his self-serving unsworn statement under penalty of perjury pursuant to 28 U.S.C. § 1746, William Rivera Molina declares that prior to and during the course of the insurance case, he "spoke and met personally with various attorneys of the law firm of Indiano & Williams[] on multiple occasions, including, attorney David Indiano and attorney Vanesa Vicéns Sánchez, and with Mr. Charles Vogel, as part of our preparation to pursue our claim against Universal Insurance Company." (Docket No. 92-1 ¶ 4). William Rivera Molina follows that during their multiple meetings and conversations, "I was led to believe by attorneys David Indiano and attorney Vanesa Vicéns Sánchez, that our communications, and all the information that I provided them will remain confidential," and that he had a personal stake in the outcome of that litigation because Vogel would have used the insurance proceeds to repair La Roca Properties following Hurricanes Irma and María to once again be able to charge luxury rates. Id. ¶ 5. William Rivera Molina concludes that as a result of all the information he provided to Indiano & Williams and their multiple meetings and conversations, he is

now at a substantial disadvantage in this lawsuit "because [Vogel is] represented by the same attorneys [that] I believed at all times to be my own attorneys and thus disclosed confidences regarding his personal and business life and the matters now subject of this case." Id. ¶ 6.

All these statements in William Rivera Molina's affidavit are premised upon his belief that Indiano & Williams represented him as opposed to personally knowing that Indiano & Williams represented him. As such, the Court affords the same no weight. See Cadle Co., 116 F.3d at 961. ("Statements made upon information and belief, as opposed to personal knowledge, are not entitled to weight" as a matter of law).

Lastly, William Rivera declares that he was responsible for the hiring of Indiano & Williams to pursue the claim against Universal Insurance Co. because Mr. Charles Vogel did not know any attorneys in Puerto Rico "and that was one of the many functions that I performed for Mr. Charles Vogel in connection with the development and the rental operation of the La Roca Properties." (Docket No. 92-1 ¶ 7). The Court gave more weight to attorney Jose Antonio Pagán Nieves's extrajudicial claim as evidence that Vogel was responsible for hiring Indiano & Williams instead of Rivera Molina. The Court found that Indiano & Williams was hired after the firm was referred to Vogel by his then-current counsel in the insurance case attorney Jose Antonio Pagán Nieves. The Court was not convinced by Rivera Molina's assertion that he was responsible for hiring Indiano & Williams because said assertion is not supported by the record. Rivera Molina failed to elaborate as to how he attempted to procure the firm's representation of Vogel and failed to mention whether he was also responsible for the hiring of attorney Jose Antonio Pagán Nieves.

After weighing all the proffered evidence, the Court properly concluded that Rivera Molina failed to meet his burden of proof to disqualify Vogel's legal representation. Moreover, Rivera Molina failed to show the legal basis to conduct expedited and limited discovery as to whether an attorney-client relationship existed.

**Civil No. 21-1004 (GAG)**

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Rivera Molina's motion for reconsideration at Docket No. 142.

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of August 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge