IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **William Rivera Molina; International Business Solutions; Ebano 155, Inc.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Casa La Roca, LLC; Charles Henry Eugene Vogel; Juanita Kay Vogel,**<br><br>**Defendants.** | Civil No. 21-1004 (SCC-GLS) |

**OPINION AND ORDER**

On June 30, 2021, Defendants (the "Vogel Family") filed a Motion for Sanctions Under Fed.R.Civ.P. 11 against Plaintiffs and their attorneys. Docket No. 110. Plaintiffs opposed and the Vogel Family replied. Docket Nos. 131 and 139. The District Judge referred the matter to the undersigned for disposition. Docket No. 250. For the reasons discussed below, the motion for sanctions is **GRANTED.**

**I.      BACKGROUND**

The law firm of Indiano & Williams, PSC ("Indiano & Williams") first appeared in this case in representation of the Vogel Family in January 2021. On June 2, 2021, after six (6) months of contentious litigation— including the filing of responsive pleadings, the adjudication of a possessory injunction, the filing and consolidation of an eviction complaint, and the recommendation on a provisional remedy in connection with the rental proceeds of the properties at issue— Plaintiffs moved the Court to disqualify Indiano & Williams as counsel for the Vogel Family. Docket No. 92. Plaintiffs' request was premised on the idea that Indiano & Williams had purportedly acted as counsel for William Rivera Molina ("Rivera Molina") in another case

between the Vogel Family and Universal Insurance Company; <u>Vogel et al v. Universal Insurance Company, et al</u>, Civil No. 18-1706 (RAM). In support of their request, Plaintiffs submitted an unsworn statement under penalty of perjury by Rivera Molina dated June 2, 2021 (the "June 2, 2021 Unsworn Statement"). Docket No. 92-1. The Vogel Family opposed including documentary evidence in support of its contention that Indiano & Williams did not represent Rivera Molina in Civil No. 18-1706 (RAM). Docket No. 93.

On June 9, 2021, Plaintiffs filed a motion seeking to stay all proceedings pending a ruling on the motion to disqualify Indiano & Williams. Docket No. 98. The motion was opposed by the Vogel Family. Docket No. 100. On June 28, 2021, the Court issued a Memorandum Order denying Plaintiffs' motion to disqualify Indiano & Williams as counsel for the Vogel Family. Docket No. 103. In so doing, the Court stated that "[t]here is absolutely no evidence that Rivera Molina had an attorney-client relationship with Indiano & Williams." <u>Id</u>. at p. 5. And that the evidence on the record sustained that Rivera Molina was a third-party witness in Civil No. 18-1706 (RAM), that Rivera Molina had obtained separate counsel, had never signed a retainer agreement nor made payments for attorney fees to Indiano & Williams. <u>Id</u>. An interlocutory appeal followed. Docket No. 118. Plaintiffs also moved the Court for a stay of all proceedings pending the outcome of the interlocutory appeal. Docket No. 121. The request for stay was denied for "[d]isqualification orders are generally not interlocutorily appealable and no exceptional grounds supported by case law are raised in the motion to stay." Docket No. 126. Plaintiffs later moved to voluntarily dismiss the interlocutory appeal. Docket Nos. 211-212.

Plaintiffs nonetheless moved for reconsideration of the Court's order denying disqualification alleging that the Court improperly relied on claims and allegations made by the Vogel Family that no attorney-client relationship existed between Rivera Molina and Indiano & Williams. Docket No. 142 at pp. 3-4. And that a request for disqualification cannot be adjudicated without receiving evidence and allowing discovery on the existence of the purported attorney-client relationship. <u>Id</u>. at p. 5. The Court again rejected Plaintiffs' arguments and held that it considered the evidence provided by the Vogel Family to conclude that no attorney-client relationship existed between Rivera Molina and Indiano & Williams, and that Rivera Molina failed to meet his burden of proof to disqualify Indiano & Williams. Docket No. 168 at pp. 6-7. The Court also held that it afforded no weight to the June 2, 2021 Unsworn Statement as the assertions therein were made upon belief and not actual knowledge by Rivera Molina. <u>Id</u>. at p. 7.

The Vogel Family's request for sanctions against Plaintiffs and its legal counsel is premised on Rule 11 of the Federal Rules of Civil Procedure. Docket No. 110. The motion alleges that Rivera Molina lied in the June 2, 2021 Unsworn Statement and that Plaintiffs' counsel failed to conduct a reasonable inquiry of their client's claims. And that examination of the filings in Civil No. 18-1706 (RAM) would have made clear to counsel for Plaintiffs that Rivera Molina's statements were false. Id. In opposition, Plaintiffs insist that the filing of a motion to disqualify Indiano & Williams was not frivolous because the firm incurred in a "serious conflict of interest by representing Rivera Molina in a previous action, Civil Case No. 18-1706, [ ] and now representing the Vogel Family against him.". Docket No. 131 at p. 4. And that the Vogel Family's assertion that Rivera Molina lied in the June 2, 2021 Unsworn Statement is unsubstantiated. Id. at p. 5. Plaintiffs also posit, as they have done in the past, that the Court's denial of the request for disqualification was made on allegations and without competent evidentiary support. Id. at p. 6. Plaintiffs argue that there is no evidence to sustain that counsel for Plaintiffs knew that Rivera Molina's assertions in the June 2, 2021 Unsworn Statement were false and that such assertions are indeed true and correct. Id. at p. 7. In support of this argument, Plaintiffs attach yet another unsworn statement under penalty of perjury signed by Rivera Molina asserting, among other matters, that he reasonably believed that Indiano & Williams represented him in Civil No. 18-1706 (RAM), that he had a personal stake in the outcome of that litigation, and that his counsel inquired as to his relationship with Indiano & Williams in Civil No. 18-1706 (RAM) prior to seeking disqualification of the firm in this case. Docket No. 131-1. Plaintiffs have requested a hearing prior to a ruling on the motion for sanctions. Docket No. 131 at pp. 8-9. The Vogel Family replied asserting that sanctions are warranted against both of Plaintiffs' attorneys of record, that the request to disqualify Indiano & Williams as counsel for the Vogel Family was baseless and lacking any kind of evidentiary support, and that there is no need for a hearing prior to imposing sanctions. Docket No. 139.

## II.   DISCUSSION

Rule 11(b) of the Federal Rules of Civil Procedure provides that, by presenting a motion to the Court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) it is not being presented for any improper purpose; (2) the claims and legal contentions are warranted by existing law or by

3

a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or reasonably based on belief or a lack of information. Fed.R.Civ.P. 11(b). Sanctions may be imposed on any attorney, law firm, or party that is responsible for violations to Rule 11(b). Fed.R.Civ.P. 11(c)(1). A motion for sanctions under Rule 11 must comply with the requirements of Rule 11(c)(2); made separately, served to the opposing party prior to filing, and filed only if the opposing party does not withdraw the challenged motion within 21 days after service. Fed.R.Civ.P. 11(c)(2). Any sanction imposed under Rule 11 should be aimed at deterring repetition of the sanctionable conduct. Fed.R.Civ.P. 11(c)(4); Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990) ("The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses."); Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 247 (1st Cir. 2010) (deterrence is the main purpose of Rule 11 sanctions).

In general terms, the Rule 11 inquiry requires the Court to decide whether an attorney has abused the judicial process and, if so, what sanction is appropriate to deter future abuses. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). Sanctions may be imposed when, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 759 (1st Cir. 1988) (citation omitted). Sanctions are also warranted when a motion is filed for improper purpose, such as harassing an opponent or delaying the judicial process. Lancelloti v. Fay, 909 F.2d 15, 18-19 (1st Cir. 1990) (distinguishing between the reasonable inquiry clause and the improper purpose clause under Rule 11 and concluding that sanctions are warranted for violations to any of the two). While a finding of at least culpable carelessness is required, a finding of bad faith is not. Cruz v. Savage, 896 F.2d at 634; Lancelloti v. Fay, 909 F.2d at 18-19 (Rule 11 sanctions may be imposed due to groundless but "sincere" pleadings as well as for pleadings that though not meritless have been filed in bad faith) (string citations omitted); CO International Co. v. Rochem International, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011); Montoyo-Rivera v. Pall Life Scis. PR, LLC, 245 F.Supp.3d 337, 347 (D.P.R. 2017) (citation omitted).

The standard for measuring an attorney's conduct under Rule 11 "is an objective standard of reasonableness under the circumstances." Cruz v. Savage, 896 F.2d at 631. Some factors to consider are the complexity of the subject matter, the available time for prior inquiry, and the ease or difficulty of access to the information needed for corroboration. In re Ames, 993 F.3d 27, 34 (1st Cir. 2021) (quotations and citation omitted). However, the mere fact that a claim proves to be unavailing does not support the imposition of sanctions under Rule 11. Id. at 35 (quotation and citation omitted); CO International Co. v. Rochem International, Inc., USA, 659 F.3d at 61. Further, courts should not rely on hindsight in the analysis of the circumstances that motivated the challenged filing. Cruz v. Savage, 896 F.2d at 631. Courts should also exercise care not to chill creativity or proper zealous litigation. Id.

The Vogel Family's request for sanctions hinges on their assertion that Plaintiffs' counsel should have known that the assertions made by Rivera Molina in the June 2, 2021 Unsworn Statement were false and, consequently, that the motion to disqualify Indiano & Williams was frivolous. The Vogel Family certifies to have complied with the procedural requirements of Rule 11(c)(2) of the Federal Rules of Civil Procedure to no avail.[1] In opposition, Plaintiffs insist that the motion to disqualify was not frivolous and that the Court's denial of the request based on the pleadings was erroneous (Docket No. 131 at pp. 5-6), that Plaintiffs' counsel "had no reason to doubt the veracity of the statements made in [the June 2, 2021 Unsworn Statement], and that [Plaintiffs' counsel] in fact made an inquiry and asked Rivera Molina to explain in detail the actions undertaken by Indiano & Williams that led him to reasonably believe that they were his attorneys." (Docket No. 131 at p. 7). The Court will not delve on the first argument as the same has already been rejected by the Court twice; in its Memorandum Order of June 28, 2021 denying the motion to disqualify Indiano & Williams (Docket No. 106) and in its Memorandum Order of August 24, 2021 denying Plaintiffs' request for reconsideration (Docket No. 168). This motion for sanctions is not to be used as a vehicle to relitigate that issue or to seek review of an issue that is not even up for interlocutory appeal. See Docket Nos. 126, 211-212. The Court considers the second argument—that Plaintiffs' counsel had no reason to doubt the veracity of their client's assertions and that Plaintiffs' counsel made a reasonable inquiry prior to moving for

---

[1] According to the Vogel Family, on June 7, 2021, they served Plaintiffs' counsel with a copy of the motion for sanctions by email and asked that Plaintiffs withdraw the motion to disqualify Indiano & Williams. The motion to disqualify was not withdrawn and the motion for sanctions under Rule 11 was filed on June 30, 2021. Docket No. 110. Plaintiffs do not dispute that the Vogel Family complied with the requirements of Rule 11(c)(2).

5

disqualification of Indiano & Williams on the basis that Indiano & Williams had represented Rivera Molina in Civil No. 18-1706 (RAM).

In support of his contention that an attorney-client relationship existed between Rivera Molina and Indiano & Williams, Rivera Molina asserted that he met with counsel from Indiano & Williams "as part of our preparation to pursue our claim against Universal Insurance Company" (June 2, 2021 Unsworn Statement, Docket No. 92-1 at ¶ 4) and that he "believed at all times" that Indiano & Williams were his attorneys (June 2, 2021 Unsworn Statement, Docket No. 92-1 at ¶ 6). The question here is whether a competent attorney (such as Plaintiffs' counsel) after "reasonable inquiry" would have known the assertions to be insufficient to establish an attorney-client relationship warranting the disqualification of Indiano & Williams as counsel for the Vogel Family in this case. We answer in the affirmative. The evidence submitted by the Vogel Family in opposition to the motion to disqualify, as well as the docket in Civil No. 18-1706 (RAM), support the conclusion that a reasonable inquiry would have convinced Plaintiffs' counsel that, despite the assertions made in the June 2, 2021 Unsworn Statement with respect to the existence of an attorney-client relationship between Rivera Molina and Indiano & Williams, there was no reasonable basis to conclude there was an attorney-client relationship that justified moving for disqualification of Indiano & Williams in this case.

The amended complaint in Civil No. 18-1706 (RAM) establishes that the plaintiffs in that case, and the only parties asking for relief from the Court against Universal Insurance Company, were Chuck Vogel, Juanita Vogel, and Casa La Roca LLC. Civil No. 18-1706 (RAM) at Docket No. 84. Pursuant to the motions filed by Universal Insurance Company to compel Rivera Molina to deposition and to produce documents requested via subpoena, it is evident that Rivera Molina was not a party but a third-party witness subject to discovery. Civil No. 18-1706 (RAM) at Docket Nos. 60, 60-1, 67. Indeed, the Court's order requiring Rivera Molina to show cause why he should not be compelled to produce the requested documents specifically mentions that Rivera Molina was a third-party witness requiring service of the Court's order. Civil No. 18-1706 (RAM) at Docket Nos. 72 and 82; see also Docket No. 93. And, as if the record was not clear enough, the notice of appearance filed by attorney Carla Arraiza-González on behalf of Rivera Molina, International Business Solution LLC and Ebano 155, Inc. establishes without any shred of a doubt that Rivera Molina was not a party to that case and that, in any event, he retained independent counsel (not Indiano & Williams) to represent him in the proceedings as a third-party witness.

Civil No. 18-1706 (RAM) at Docket No. 86. See also Civil No. 18-1706 (RAM) at Docket No. 87 (counsel for Rivera Molina arguing that Rivera Molina is not a party to the case, that he was summoned to appear at deposition and to produce documents, that Rivera Molina appeared to the first part of his deposition without any legal representation, and that she would be receiving any further requests for production of documents on behalf and in representation of Rivera Molina). To argue otherwise— that Rivera Molina somehow asserted a claim against Universal Insurance Company, had a stake in that litigation, or was represented by Indiano & Williams in Civil No. 18-1706 (RAM)— is defeated by public documents which were readily available to Plaintiffs' counsel.

Further, any lingering doubt that Plaintiffs' counsel could have had after examining the docket in Civil No. 18-1706 (RAM), should have been dispelled after examining the Vogel Family's opposition to the motion to disqualify and documents submitted in support thereof. The evidence submitted by the Vogel Family establishes that Rivera Molina's "belief" as to the existence of an attorney-client relationship with Indiano & Williams could not constitute sufficient legal basis to seek disqualification of Indiano & Williams as counsel for the Vogel Family in this case. See (1) Rule 26 Disclosures by Indiano & Williams on behalf of the Vogel Family listing Rivera Molina as a person with knowledge who could be contacted directly (not through counsel of record) (Docket No. 93-2); (2) email communications between Indiano & Williams and counsel for Universal Insurance Company informing that Rivera Molina would have to be subpoenaed for his attendance at deposition (Docket No. 93-4); (3) subpoena to testify at deposition to Rivera Molina by counsel for Universal Insurance Company (Docket No. 93-5); (4) subpoena to produce or permit inspection of documents to International Business Solution LLC by counsel for Universal Insurance Company (Docket No. 93-6); (5) subpoena to produce or permit inspection of documents to Ebano 155, Inc. by counsel for Universal Insurance Company (Docket No. 93-7); (6) subpoena to produce or permit inspection of documents to Poppy 47 by counsel for Universal Insurance Company (Docket No. 93-8); and (7) transcript of the deposition of Rivera Molina.

Indeed, during the first part of Rivera Molina's deposition in Civil No. 18-1706 (RAM), *where he admittedly appeared without legal representation* (see Civil No. 18-1706 (RAM) at Docket No. 87), Rivera Molina testified to have other lawyers (not Indiano & Williams) (Docket No. 93-11 at pp. 12, 15), that the Vogel Family were his clients and not his partners (Docket No. 93-11 at p. 127), and that he needed to consult with his attorneys on certain matters discussed at

the deposition (Docket No. 93-11 at p. 131). Furthermore, during that deposition, counsel from Indiano & Williams, *in Rivera Molina's presence and in no uncertain terms*, repeated numerous times that the firm was not there in representation of Rivera Molina (Docket No. 93-11 at pp. 23, 28, 89, 109, 133, 168, 172) and that he was a third-party witness (Docket No. 93-11 at pp. 131-134, 167-168). And, during the second part of the deposition, Rivera Molina appeared represented by counsel Arraiza-González (Docket No. 93-20 at pp. 2-3). It is thus evident that any belief that Rivera Molina could have had was factually insufficient to establish the existence of an attorney-client relationship with Indiano & Williams in Civil No. 18-1706 (RAM).

For an attorney-client relationship to exist the purported client must have sought advice or legal representation from the attorney. Campos-Matos v. Evanston Ins. Co., 208 F.Supp.2d 170, 173 (D.P.R. 2002) (citing In re Belén Trujillo, 126 P.R. Dec. 743, 756–57 (1990)). However, "[a] party does not need to produce a formal contract or fee payment to establish an attorney-client relationship.". Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F.Supp. 253, 256 (D.P.R. 1995) (citing Westinghouse Elec. Corp. v. Kerr-McGee, 580 F.2d 1311, 1319 (7th Cir. 1978)). An implied attorney-client relationship may be established if the party submitted confidential information to the attorney *and* the party did so with reasonable belief that the lawyer was acting as his attorney. Id. (citations omitted) (emphasis added).

The evidence that was readily available to counsel for Plaintiffs prior to the adjudication of the request for disqualification sustains that Rivera Molina did not seek legal advice or legal representation from Indiano & Williams, did not assert a claim against Universal Insurance Company, was informed in uncertain terms that Indiano & Williams did not intend to represent him in Civil No. 18-1706 (RAM), and admittedly appeared in Civil No. 18-1706 (RAM) without legal representation until separate and independent counsel, Arraiza-González, assumed his representation in Civil No. 18-1706 (RAM). Simply, the evidence that was readily available to Plaintiffs' counsel prior to the adjudication of the motion to disqualify establishes that Rivera Molina's belief that he had a claim against Universal Insurance Company and an attorney-client relationship with Indiano & Williams (an implicit one or otherwise) was insufficient to move for disqualification of Indiano & Williams. Objectively, Plaintiffs' counsel did not perform a reasonable inquiry before moving the Court to disqualify Indiano & Williams nor before insisting in the disqualification by twice moving to stay proceedings, and by filing an interlocutory appeal and a motion for reconsideration on the same grounds. 2 Moore's Federal Practice at § 11.11[6]

(3d ed. 2021) (obligation under Rule 11 is not only measured as of the time in which a challenged motion is submitted to the Court but also as of subsequent times in which an attorney reaffirms to the Court and continues to advocate for a meritless motion). Sanctions under Rule 11 against Plaintiffs' counsel (both, attorneys José L. Nieto-Mingo and Hermán Hiraldo Sánchez[2]) are warranted for their "culpable carelessness" in these proceedings.[3] See e.g. Kale v. Combined Ins. Co. of Am., 861 F.2d at 758 (Rule 11 requires counsel to investigate their clients claims before making any filing and to reassess them throughout the litigation); Cruz v. Savage, 896 F.2d at 633 (claims not well-grounded in fact or warranted by law, attorney in a position to know the claims were unsupported by fact or law prior to bringing the claims and throughout the litigation, affirming imposition of sanctions). There is no mathematical formula for sanctions under Rule 11. Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d at 248. The main purpose of such sanctions is to deter future similar conduct. After careful consideration of the matter, the Court finds that a sanction of $750.00 against each one of Plaintiffs' counsel, José L. Nieto-Mingo and Hermán Hiraldo Sánchez, is reasonable to deter similar future conduct. 2 Moore's Federal Practice at § 11.11[6] (3d ed. 2021) (minimum necessary sanctions warranted to deter future violations).

---

[2] Both José L. Nieto-Mingo and Hermán Hiraldo Sánchez signed the motion to disqualify at Docket No. 92 submitting the June 2, 2021 Unsworn Statement, the motion to stay proceedings pending ruling on disqualification at Docket No. 98, the notice of interlocutory appeal on the denial of the motion to disqualify at Docket No. 118, the motion to stay proceedings pending the interlocutory appeal at Docket No. 121, and the motion for reconsideration of the denial of the motion to disqualify at Docket No. 142. See Bus. Guides, Inc., v. Chromatic Communications Enterprises, Inc., 498 US 533, 542-43 (1991).

[3] In opposition to the motion for sanctions, Plaintiffs argue that an evidentiary hearing is necessary prior to imposing sanctions under Rule 11. However, when both parties have fully briefed the issue, as they have done in this case, and the Court understands that the pleadings are sufficiently robust, there is no need for an evidentiary hearing. The Court does not see a need for an evidentiary hearing at this juncture. The docket in Civil No. 18-1706 (RAM) is clear and so are the documents submitted by the Vogel Family (particularly, the transcript of Rivera Molina's deposition at Docket No. 93-11) in support of the request for sanctions. Nothing in Plaintiffs' filing in opposition leaves the Court with the impression that an evidentiary hearing could clarify the issues. See McMillan v. Rodríguez, 337 F.R.D. 27, 30 (D.P.R. 2020) (string citations omitted); Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d at 246 (when there are few issues that can be clarified by the presentation of additional evidence or testimony an evidentiary hearing is not necessary). See e.g., Montoyo-Rivera v. Pall Life Scis. PR, LLC, 245 F. Supp. 3d at 347 (evidence and arguments proffered by the parties' briefing counsel the court to impose sanctions without an evidentiary hearing). 5A Wright & Miller: Federal Practice and Procedure at §1337.3; 2 Moore's Federal Practice at § 11.23[3] (Rule 11 does not require hearing prior to imposition of sanctions).

### III.    CONCLUSION

For the reasons discussed, the Vogel Family's motion under Rule 11 of the Federal Rules of Civil Procedure at Docket No. 110 is **GRANTED**. Attorneys José L. Nieto-Mingo and Hermán Hiraldo Sánchez are each ordered to pay $750.00 to the Court, for their respective violations to Rule 11 of the Federal Rules of Civil Procedure. Sanctions to be paid within the next thirty (30) days.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of January 2022.

                                                        s/Giselle López-Soler
                                                        GISELLE LÓPEZ-SOLER
                                                        United States Magistrate Judge