IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM RIVERA-MOLINA ET AL.,

Plaintiffs,

v.

CASA LA ROCA, LLC ET AL.,

Defendants.

CIV. NO. 21-1004 (SCC)

**OPINION AND ORDER**

The Court granted Casa La Roca's motions to hold William Rivera-Molina in contempt. Docket No. 247. As a sanction, we ordered him to compensate Casa La Roca for the attorney's fees it incurred seeking contempt. *Id.* at 19. We instructed it to file an "itemized list of its hours, hourly rate, and costs incurred drafting and filing its contempt motions, reviewing docket filings related to these motions, and drafting and submitting its other filings related to these motions." *Id.*

Casa La Roca claims $32,456.25 in attorney's fees. Docket No. 263, pg. 3. It filed an itemized list containing its attorneys' hourly rates, hours spent on each task, and the

specific tasks performed. Docket No. 273-1. Rivera-Molina objects to some of these fees on the grounds that they are redundant and excessive. Docket No. 276.

Courts generally calculate attorney's fees using the lodestar method. *De Jesús Nazario v. Rodríguez*, 554 F.3d 196, 207 (1st Cir. 2009). The lodestar is the product of "multiplying the number of hours productively spent by a reasonable hourly rate." *Id.* There is a two-step process to calculate it. First, we "calculate the number of hours reasonably expended by the attorneys . . . , excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" *Cent. Pension Fund of the Int'l Union of Operating Eng'r & Participating Emps. v. Ray Haluch Gravel Co.*, 745 F.3d 1, 5 (1st Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Second, we determine the "reasonable hourly rate or rates—a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *Id.* The product of steps one and two is the lodestar. We may adjust it up or down based on "the results

obtained, and the time and labor required for the efficacious handling of the matter." *De Jesús Nazario*, 554 F.3d at 207.

We begin with the first step: calculating the hours Casa La Roca's attorneys expended less those that are excessive or redundant. It claims it worked 136.5 hours seeking contempt. Docket No. 273-1, pg. 19. Rivera-Molina objects to several of them as excessive or redundant. Docket No. 276, pgs. 3–5. Having reviewed Casa La Roca's fee exhibit with a special eye towards whether the entries that he has objected to are excessive or redundant, we find several of them are.

First, Attorney Indiano billed eight hours for a conference discussing contempt arguments and reviewing a draft of the legal basis for contempt. Docket No. 273-1, pg. 3. The legal analysis in its first motion for contempt is not lengthy; eight hours is an excessive amount of time to discuss contempt arguments and review an already-drafted portion of the motion. We reduce this entry to three hours. Second, Attorney Vázquez billed 5.25 hours for reviewing documents, teleconferences, drafting a statement, and two emails. *Id.* at

Rivera-Molina v. Casa La Roca, LLC    Page 4

10. Some of his work is redundant of Attorney Vicens's work, and the time is excessive. We reduce this entry to three hours. Third, we reduce the paralegals' hours. Casa La Roca did not cite extensive legal authority and the subject matter is not complicated. Yet the paralegals billed 14.5 hours doing legal research and drafting the first contempt motion. *Id.* at 5–6. That is excessive. We reduce their billed hours to ten. Fourth, Casa La Roca's attorneys billed an excessive and redundant number of hours for their work on its supplemental motion for contempt and their further motion for contempt. *See id.* 10–14. To be sure, to draft these motions it needed to evaluate whether the exhibits Rivera-Molina had submitted in compliance complied with our orders. But these motions are short and simple. We exclude the three hours Attorney Vásquez spent doing "final edits" of the supplemental motion, *id.* at 12, and the two hours Attorney Vicens spent reviewing the draft of the further motion in contempt and answering emails, *id.* at 13, as excessive and redundant. The attorneys' hourly rates are appropriate in light of the

Rivera-Molina v. Casa La Roca, LLC                                                Page 5

prevailing community rate, their qualifications, and their experience. Our initial lodestar is $28,781.25. *See* Figure 2.

However, we adjust the lodestar downwards because we do not believe that an efficacious handling of this matter required such a great expenditure of time and labor. The amount of oversight, review, and conferencing and the number of drafts of each motion reflected in the fee exhibit are unreasonably high. We reduce the billed hours of Attorneys Indiano, Vásquez, and Vicens by 20% each. So the lodestar is $23,181.25. *See* Figure 3.

The Court **GRANTS** Casa La Roca's motion for the attorney's fees it incurred seeking contempt (Docket No. 263). Rivera-Molina shall deliver to Indiano & Williams, P.S.C., a check for **$23,181.25** payable to Charles Vogel by **April 22, 2022**. Indiano & Williams will give the check to Charles Vogel.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of March 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

Rivera-Molina v. Casa La Roca, LLC | Page 6

### Figure 1: Original Fee Request

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| **David Indiano** | 31.75 | $350.00 | $11,112.50 |
| **José Vásquez** | 46.25 | $200.00 | $9,250.00 |
| **Joanne Pimental** | 0.25 | $125.00 | $31.25 |
| **Paralegal Clerk** | 14.5 | $75.00 | $1,087.50 |
| **Vanesa Vicens** | 43.75 | $250.00 | $10,937.50 |

### Figure 2: Fees After Initial Lodestar Calculation

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| **David Indiano** | 26.75 | $350.00 | $9,362.50 |
| **José Vásquez** | 41 | $200.00 | $8,200.00 |
| **Joanne Pimental** | 0.25 | $125.00 | $31.25 |
| **Paralegal Clerk** | 10 | $75.00 | $750.00 |
| **Vanesa Vicens** | 41.75 | $250.00 | $10,437.50 |

### Figure 3: Fees After Adjustment (Final Fees)

|  | Hours | Rate | Subtotal |
|---|---|---|---|
| **David Indiano** | 21.4 | $350.00 | $7,490.00 |
| **José Vásquez** | 32.8 | $200.00 | $6,560.00 |
| **Joanne Pimental** | 0.25 | $125.00 | $31.25 |
| **Paralegal Clerk** | 10 | $75.00 | $750.00 |
| **Vanesa Vicens** | 33.4 | $250.00 | $8,350.00 |